UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE CARRISOZA, | Case No.  1:21-cv-00646-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [1] |
| v. | |
| KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. Nos.  16, 17) |

Natalie Carrisoza ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 16-18).  For the reasons stated, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and orders this matter remanded to the Commissioner of Social Security for further administrative proceedings.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 10).

# I.    JURISDICTION

Plaintiff filed for supplemental security income on August 28, 2018, alleging a disability onset date of August 19, 2017.  (AR 236-44).  Benefits were denied initially (AR 102-20, 144-49) and upon reconsideration (AR 122-40, 153-58).  A telephonic hearing was conducted before an Administrative Law Judge ("ALJ") on July 29, 2020.  (AR 30-47).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  On September 1, 2020, the ALJ issued an unfavorable decision (AR 12-29), and on February 11, 2021, the Appeals Council denied review.  (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

# II.    BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the hearing.  (*See* AR 253).  She completed eleventh grade.  (AR 258).  She lives alone, and gets assistance with daily living from her daughter and a home health aide.  (AR 37-38).  Plaintiff has no relevant work history.  (AR 38, 44).  Plaintiff testified she can sit for 20 minutes before she has to lie down, needs help to get out of bed, can walk for 20 minutes before her feet start to burn and get numb, can stand for 5 to 7 minutes at a time, can lift 5 pounds maximum but cannot grasp anything, and cannot put her hands over her head.  (AR 39-40).  She reported she cannot write "too long" because her hands cramp and her wrists hurt, and she has difficulty holding cutlery.  (AR 41).  Plaintiff's legs swell at least every other day and she has to lay down and elevate her legs at least 5 to 6 hours a day.  (AR 42-43).

# III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  See 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20

C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of

impairments which significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's

impairment does not satisfy this severity threshold, however, the Commissioner must find that the

claimant is not disabled.  20 C.F.R. § 416.920(c).

    At step three, the Commissioner compares the claimant's impairment to severe

impairments recognized by the Commissioner to be so severe as to preclude a person from

engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as

severe or more severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

    If the severity of the claimant's impairment does not meet or exceed the severity of the

enumerated impairments, the Commissioner must pause to assess the claimant's "residual

functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's

ability to perform physical and mental work activities on a sustained basis despite his or her

limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

    At step four, the Commissioner considers whether, in view of the claimant's RFC, the

claimant is capable of performing work that he or she has performed in the past (past relevant

work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant

work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If

the claimant is incapable of performing such work, the analysis proceeds to step five.

    At step five, the Commissioner considers whether, in view of the claimant's RFC, the

claimant is capable of performing other work in the national economy.  20 C.F.R. §

416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational

factors such as the claimant's age, education, and past work experience.  20 C.F.R. §

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must

find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

1    therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

2           The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*,

3    180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the

4    Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*

6    *v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                               **V.      ALJ'S FINDINGS**

8           At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

9    since August 28, 2018, the application date.  (AR 18).  At step two, the ALJ found that Plaintiff

10   has the following severe impairments: osteoarthritis, carpal tunnel syndrome, obesity,

11   degenerative disc disease, depression, and posttraumatic stress disorder.  (AR 18).  At step three,

12   the ALJ found that Plaintiff does not have an impairment or combination of impairments that

13   meets or medically equals the severity of a listed impairment.  (AR 18).  The ALJ then found that

14   Plaintiff has the RFC to

15           perform light work as defined in 20 CFR 416.967(b) except the
             claimant can occasionally climb ladders, ropes, scaffolds, ramps, and
16           stairs.  She can occasionally balance, stoop, kneel, crouch and crawl.
             She can frequently handle and finger, bilaterally.  The claimant can
17           understand, remember, and perform simple work that can be learned
             in 3 months.  She is capable of less than occasional interaction with
18           coworkers and the general public.  She can tolerate occasional
             changes in the workplace.
19
     (AR 20).
20

21          At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 23).  At step

22   five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there

23   are jobs that exist in significant numbers in the national economy that Plaintiff can perform,

24   including: housekeeper, garment sorter, and marker.  (AR 24).  On that basis, the ALJ concluded

25   that Plaintiff has not been under a disability, as defined in the Social Security Act, since August

26   28, 2018, the date the application was filed.  (AR 25).

27                               **VI.     ISSUES**

28          Plaintiff seeks judicial review of the Commissioner's final decision denying her

                                            5

1   supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).

2   Plaintiff identifies three issues for this Court's review:

3          1.   Whether the ALJ properly considered Plaintiff's subjective complaints;

4          2.   Whether the ALJ properly considered the lay witness evidence; and

5          3.   Whether the ALJ properly considered the medical opinion of G. Dale, M.D.

6   (Doc. No. 16 at 15-23).

7                            **VII.    DISCUSSION**

8      **A. Symptom Claims**

9          An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding

10  subjective pain or symptoms.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

11  The ALJ first must determine whether there is "objective medical evidence of an underlying

12  impairment which could reasonably be expected to produce the pain or other symptoms alleged."

13  *Id*. (internal quotation marks omitted).  "The claimant is not required to show that his impairment

14  could reasonably be expected to cause the severity of the symptom he has alleged; he need only

15  show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572

16  F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

17         Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the

18  ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ]

19  gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d

20  1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are

21  insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

22  undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

23  1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a

24  credibility determination with findings sufficiently specific to permit the court to conclude that

25  the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and convincing

26  [evidence] standard is the most demanding required in Social Security cases."  *Garrison v.

27  Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278

28  F.3d 920, 924 (9th Cir. 2002)).

1    Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be

2  expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the

3  intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the

4  medical evidence and other evidence in the record" for several reasons.  (AR 21).  First, the ALJ

5  noted Plaintiff's carpal tunnel syndrome and osteoarthritis "have been manages [sic] with

6  prescription medication and injections throughout the evaluative period"; and as to her claimed

7  degenerative disc disease, she "has required conservative treatment for these impairments,

8  consisting of medication management, chiropractic care and injections."  (AR 22-23).  Plaintiff

9  argues this was not a specific, clear, and convincing reason to reject her pain and symptom

10  testimony.  (Doc. No. 16 at 18).  The Court agrees.

11    Evidence of "conservative treatment" may be sufficient to discount a claimant's testimony

12  regarding the severity of an impairment.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007);

13  *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ may properly rely on the fact that

14  only conservative treatment has been prescribed).  Plaintiff argues that to the extent the ALJ relies

15  on conservative treatment as a reason to reject her symptom claims, "such fact is not a proper

16  basis for rejecting claimant's credibility where the claimant has a good reason for not seeking

17  more aggressive treatment."  (Doc. No. 16 at 18 (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*,

18  533 F.3d 1155, 1162 (9th Cir. 2008)); *see also Block v. Berryhill*, 2018 WL 1567814, at *5 (E.D.

19  Cal. Mar. 31, 2018) ("the fact that treatment may be routine or conservative is not a basis for

20  finding subjective symptom testimony unreliable absent discussion of the additional, more

21  aggressive treatment options the ALJ believes are available."); *Lapeirre-Gutt v. Astrue*, 382 Fed.

22  App'x 662, 664 (9th Cir. 2010) (holding ALJ erred in relying on conservative treatment if "the

23  record does not reflect that more aggressive treatment options are appropriate or available.  A

24  claimant cannot be discredited for failing to pursue non-conservative treatment options were none

25  exist.").

26    Here, without citation to the record, the ALJ generally characterizes Plaintiff's treatment

27  history for degenerative disc disease as having "required only conservative treatment" including

28  medication, chiropractic care, and injections.  (AR 22-23).  However, as noted by Plaintiff and

1  undisputed by Defendant, Plaintiff's treating provider also sought authorization for referrals to a

2  hand surgeon for her carpal tunnel syndrome, neurosurgery for her radiculopathy, and a

3  gastroenterologist for neurogenic incontinence. (Doc. No. 16 at 18 ("That authorization was not

4  provided for Plaintiff to receive treatment from such medical specialists does not render [her]

5  testimony any less credible.")); (*see* AR 478, 497, 662, 665). While the decision does briefly

6  acknowledge Plaintiff was referred to a hand surgeon specialist, the ALJ does not address the

7  additional referrals for surgical consultations nor does she address the availability, or lack thereof,

8  of more "aggressive" treatment options for Plaintiff. Indeed, the ALJ fails to provide any specific

9  citations to the record in support of Plaintiff's purported "conservative" treatment. (See AR 22-

10  23); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (in considering Plaintiff's

11  symptom claims, "the ALJ must specifically identify the statements he or she finds not to be

12  credible and must explain what evidence undermines the testimony"). Based on the foregoing,

13  the Court cannot conclude that the ALJ's finding regarding conservative treatment is a clear and

14  convincing reason, supported by substantial evidence, to entirely discount Plaintiff's symptom

15  claims.

16        Second, the ALJ noted, without citation to the record, that "[w]hile the claimant has been

17  referred to physical therapy, there is no evidence that she sought physical therapy during the

18  evaluative period." (AR 23). Elsewhere in the decision, the ALJ cited two treatment notes

19  indicating that Plaintiff was referred for physical therapy. (AR 359 (recommending both

20  chiropractic care and physical therapy), 744). Unexplained, or inadequately explained, failure to

21  seek treatment or follow a prescribed course of treatment may be the basis for rejection of

22  Plaintiff's symptom claims unless there is a showing of a good reason for the failure. *Orn v.

23  Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "will not find an individual's

24  symptoms inconsistent with the evidence in the record on this basis without considering possible

25  reasons he or she may not comply with treatment or seek treatment consistent with the degree of

26  his or her complaints." Social Security Ruling ("SSR") 16-3p at *8-*9 (March 16, 2016),

27  *available at* 2016 WL 1119029. Here, the ALJ does not cite to, nor can the Court discern,

28  specific evidence in the record that Plaintiff failed to seek recommended physical therapy

1    treatment and/or any possible reasons why she might not have been able to seek that treatment.

2    Rather, the ALJ appears to rely entirely on a referral to physical therapy, which, as noted by

3    Plaintiff, "does not – as the Commissioner presumes – reflect that the requested physical therapy

4    was authorized, nor that [Plaintiff] failed to attend."  (Doc. No. 18 at 5).  The Court finds the

5    ALJ's general reference to referrals for physical therapy, standing alone, does not rise to the level

6    of substantial evidence to support the ALJ's rejection of Plaintiff's symptom claims for failure to

7    comply with treatment recommendations.

8           Finally, the ALJ generally found Plaintiff's statements were not supported by Plaintiff's

9    treatment history and the objective evidence.  (AR 22).  In support of this finding, the ALJ cited

10   evidence from the relevant adjudicatory period, including August 2017 examination findings of

11   tenderness to palpation of lumbar spine and tender para spinal muscle; June 2018 diagnoses of

12   Dupuytren contracture and bilateral carpal tunnel syndrome; January 2019 x-rays showing

13   multilevel degenerative disc disease; February 2019 MRIs showing degenerative changes in

14   Plaintiff's left wrist and noting mild post-surgical scarring from previous carpal tunnel surgery,

15   and degenerative change of lumbar spine with probable contact with the left S1 nerve root; and

16   November 2019 x-rays of Plaintiff's thoracic and cervical spine showing mild and moderate

17   degenerative changes, respectively.  (AR 22, 485, 528, 785-87, 778-81, 831).  Plaintiff generally

18   argues that "the ALJ failed to identify *which* statements made by [Plaintiff] the ALJ rejected and

19   *which* portions of the record undermined that testimony" (Doc. No. 16 at 16) (emphasis in

20   original).  However, as additionally noted by Plaintiff, regardless of whether the ALJ erred in

21   finding Plaintiff's symptom claims were not corroborated by objective evidence, it is well-settled

22   in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits

23   *solely* because the degree of pain alleged is not supported by objective medical evidence.  *Rollins*

24   *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added); *Bunnell v. Sullivan*, 947 F.2d

25   341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  As discussed

26   above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were

27   not supported by substantial evidence.  Thus, because lack of corroboration by the objective

28   evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding

1    is inadequate.[2]

2           Based on the foregoing, the Court concludes that the ALJ did not provide clear and

3    convincing reasons, supported by substantial evidence, for rejecting Plaintiff's alleged

4    impairments.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

5           **B. Additional Assignments of Error**

6           Plaintiff additionally challenges the ALJ's evaluation of the lay witness testimony of

7    Plaintiff's daughter, and the medical opinion of state agency reviewing physician G. Dale, M.D.

8    Because the ALJ's consideration of these issues is interrelated with a reevaluation of Plaintiff's

9    symptom claims, including a review of the medical evidence as it relates to Plaintiff's subjective

10   complaints, the Court declines to address these challenges in detail here.  On remand, the ALJ is

11   instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis,

12   including a reassessment of the medical opinion evidence and lay witness statements, if

13   necessary.

14          **C. Remedy**

15          The Court finds that further administrative proceedings are appropriate.  *See Treichler v.*

16   *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not

17   appropriate when further administrative proceedings would serve a useful purpose).  Here, the

18   ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the

19   assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by

20   substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential

21   factual issues have been resolved, a remand for an award of benefits is inappropriate."  *Treichler*,

22   775 F.3d at 1101.  On remand, the ALJ should reevaluate Plaintiff's symptom claims.  The ALJ

23   should conduct a new sequential analysis, reconsider the medical opinion evidence and lay

24
---
[2] Defendant argues the ALJ also rejected Plaintiff's symptom claims because they were inconsistent with
25   her daily activities.  (Doc. No. 17 at 5).  However, as noted by Plaintiff, the ALJ did not provide this
reason for rejecting Plaintiff's subjective testimony.  (Doc. No. 18 at 4).  The Court is not permitted to
26   consider any alleged inconsistency with daily activities because it was not offered by the ALJ in the
decision as reasons to discount Plaintiff's symptom claims.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d
27   1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual
findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may
28   have been thinking.").

witness testimony as per the new regulations, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert to include all the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 17) is DENIED.

3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.


Dated:    December 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE